# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ALONZA DARRELL CHANEY,[1] <br><br> *Plaintiff*, <br><br> v. <br><br> WILKINS, Lunchroom Manager at Jackson State Prison, <br><br> *Defendant*. | CIVIL ACTION NO. <br> 5:18-cv-00454-TES-MSH |

## ORDER OF DISMISSAL

Plaintiff Alonza Darrell Chaney, a prisoner in Rogers State Prison, filed a Complaint pursuant to 42 U.S.C. § 1983. [Doc. 1]. Along with his Complaint, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2] and two Motions to Appoint Counsel. [Docs. 3, 6]. After due consideration, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* [Doc. 2] and **DENIES** his motions for the appointment of counsel [Docs. 3, 6]. Additionally, because Plaintiff's Complaint fails to state a claim for relief, the Court **DISMISSES** Plaintiff's complaint **without prejudice**.

---

[1] In the caption of his Complaint, Plaintiff entered his name as "Alonza Chaney Darrell," and consistent with his pleading the Court's docket identifies him in the same way and lists Plaintiff's name as "Alonza Chaney Darrell." However, a search on the Georgia Department of Corrections website and other filings by Plaintiff himself, state that his name is "Alonza Darrell Chaney." *See* [Docs. 1, at p. 1; 2 at p. 1; 3 at p. 1]; *see also Ga. Dep't. of Corr.*, (Jan 17, 2019, 2:18 PM), http://www.dcor.state.ga.us/GDC/Offender/Query. Thus, the Court now **DIRECTS** the Clerk to modify the docket as reflected in the caption of this Order.

I.      **Motion to Proceed *In Forma Pauperis* [Doc. 2]**

Any court of the United States may authorize a plaintiff to commence a civil action without prepayment of the required filing fee (*in forma pauperis*) if the plaintiff shows that he is indigent and financially unable to pay the court's fee. *See* 28 U.S.C. § 1915(a). A prisoner wishing to proceed under § 1915 must provide the district court with both (1) an affidavit in support of his claim of indigence, and (2) a certified copy of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." § 1915(a)(1)-(2).

Pursuant to this provision, Plaintiff moves for leave to proceed without prepayment of the Court's $350.00 filing fee, and his submissions show that he is currently unable to prepay any portion of the filing fee. Therefore, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* [Doc. 2]. Plaintiff, however, must still eventually pay the full balance of the filing fee, in installments, as set forth in § 1915(b) and explained below. The district court's filing fee is not refundable, regardless of the outcome of the case, and Plaintiff must therefore pay the fee in full, even if the Court dismisses Plaintiff's Complaint prior to service.

For this reason, the Court **DIRECTS** the **CLERK** to forward a copy of this Order to the business manager of the facility where Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee.

### A. Directions to Plaintiff's Custodian

Because the Court granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2] in the above-captioned case, the Court **FURTHER ORDERS** the warden of the institution in which Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, to each month cause to be remitted to the **CLERK** of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account at said institution until Plaintiff has paid the $350.00 filing fee in full. The prison account custodian shall collect and withhold the funds on a monthly basis, and shall forward the amount collected as payment towards the filing fee, provided the amount in Plaintiff's account exceeds $10.00. The custodian shall continue to collect and remit payments until the Clerk receives the entire fee, even if the Court dismisses Plaintiff's lawsuit or grants judgment against Plaintiff before the filing fee is paid in full.

### B. Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event that the State of Georgia or any county therein releases Plaintiff from custody, Plaintiff shall remain obligated to pay those installments that the income to his prisoner trust account justified during his incarceration. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law if Plaintiff is released from custody

and fails to remit such payments. The Court may dismiss Plaintiff's Complaint if he has the ability to make such payments and fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## II. Motions for Appointment of Counsel [Docs. 3, 6]

As previously noted, Plaintiff filed two motions asking the Court to appoint counsel in his case. [Docs. 3, 6]. However, there is no constitutional right to appointment of counsel in a civil action. *See Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). Instead, appointment of counsel in a civil action is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, courts consider, among other factors, the merits of the plaintiff's claims and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).

In this case, the facts underlying Plaintiff's claims are neither complicated nor unusual. Moreover, the law governing Plaintiff's claims is neither novel nor complex to justify the appointment of counsel. As such, there are no exceptional circumstances that would require the appointment of counsel in this case. *See Lopez*, 692 F.2d at 17; *see also Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (per curiam) (explaining that counsel should only be appointed in a civil case "in exceptional circumstances"). Thus, the Court **DENIES** Plaintiff's Motions to Appoint Counsel. [Docs. 3, 6].

### III. Authority & Standard for Preliminary Screening

The Court must now conduct a preliminary review of Plaintiff's Complaint. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases); *see also* 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings).

#### A. Screening Standard

When performing this review, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Courts must hold *pro se* pleadings "to a less stringent standard than pleadings drafted by attorneys," and must "liberally construe[s]" *pro se* claims. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, district courts must dismiss a prisoner's complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). Courts may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual

allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

B. <u>Plaintiff's Complaint</u>

In his Complaint, Plaintiff alleges that, on several occasions in September and October of 2017, he found bugs in the food or on the table and dirty spoons in the lunch area of Jackson State Prison.[2] [Doc. 1 at p. 5]. Plaintiff does not include any additional factual allegations. *See* [*id.*]. Moreover, Plaintiff fails to set forth any allegations and their

---

[2] There is no Jackson State Prison in Georgia. However, based on the address Plaintiff provided in his Complaint, it appears that the conditions described were at the Georgia Diagnostic and Classification Prison in Jackson, Georgia. *See* [Doc. 1].

potential connection to the only named defendant, who Plaintiff merely identifies as "Wilkins," the prison's lunchroom manager. *See* [*id.*].

The Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment that they receive while incarcerated. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Although the Eighth Amendment does not require comfortable prisons, it does prohibit inhumane ones. *Id.* Moreover, the Eighth Amendment guarantees that prisoners will not be "deprive[d] . . . of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "[B]asic human necessities include food, clothing, shelter, sanitation, medical care, and personal safety." *Harris v. Thigpen*, 941 F.2d 1495, 1511 (11th Cir. 1991).

To state a claim challenging the conditions of confinement, a prisoner must allege facts showing that the prison conditions were objectively serious or extreme, which means that the conditions posed an unreasonable risk of serious damage to the plaintiff's health or safety. *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). Moreover, the Eleventh Circuit has held that "[t]he fact that [prison] food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1575 (11th Cir. 1985).

In addition to alleging extreme conditions, a plaintiff must also allege facts showing that the defendant was deliberately indifferent to those conditions. *See LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993). To do so, the plaintiff must establish that

7

the defendant knowingly or recklessly disregarded the plaintiff's basic needs. *Id.* at 1535. This involves demonstrating that the defendant both knew of the conditions and "knowingly or recklessly declined to take actions that would have improved the conditions." *Id.* at 1536-37.

Here, Plaintiff alleges that he occasionally found bugs either in his food or on the table in the cafeteria and that he also found a dirty spoon. [Doc. 1 at p. 5]. Plaintiff identifies five different days on which the alleged incidents took place, but he does not explain what happened on any particular day or on how many of those days he found a bug in his food, as opposed to a bug on the table or a dirty spoon. Insofar as Plaintiff has not alleged facts showing an extreme condition that posed an unreasonable risk to his health or safety, Plaintiff cannot satisfy the requirements necessary to state a conditions-of confinement claim. *See Hamm*, 774 F.2d at 1575.

Even if Plaintiff had alleged an extreme condition, he has not asserted any specific facts relating to Wilkins, the only named defendant. Assuming that, by nature of being the kitchen manager, Wilkins was aware of the occasional bug or dirty spoon, Plaintiff has not alleged facts to show that Wilkins had reason to believe that these conditions were so extreme as to be in violation of the Eighth Amendment or that Wilkins failed to take any steps to correct these conditions. Accordingly, Plaintiff also fails to allege facts to support a conclusion that Wilkins was deliberately indifferent to these conditions. *See LaMarca*, 995 F.2d at 1535-37.

Lastly, Plaintiff does not assert that he suffered any detrimental effects or actual injury because of the conditions in the lunch room. Thus, even if Plaintiff established an Eighth Amendment violation, he would not be entitled to any monetary damages on this claim. And, while Plaintiff could have potentially established a right to prospective injunctive relief, *see Farmer v. Brennan*, 511 U.S. 825, 845 (1994) (explaining that a prisoner seeking prospective injunctive relief with regard to an unsafe prison condition is not required to await an actual injury before seeking such relief), such relief is now moot given that Plaintiff is no longer housed at the prison where the claims alleged in his Complaint took place.

## IV. Conclusion

Thus, for the reasons discussed above, Plaintiff has not stated a claim upon which relief may be granted. Accordingly, the Court **DISMISSES** Plaintiff's Complaint **without prejudice** for failure to state a claim.

**SO ORDERED**, this 17th day of January, 2019.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**